UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | No. __EP-15-CR-0516-PRM |
| VICTOR MANUEL SOLIS | § § § | |

**DEFENDANT'S MOTION TO REOPEN DETENTION HEARING**

COMES NOW Defendant VICTOR MANUEL SOLIS ("Mr. Solis"), defendant in the above-captioned cause, and files his Motion to Revoke Detention Order pursuant to 18 U.S.C. § 3145(b). He further moves for a *de novo* hearing in this matter before a district court to determine whether he should be granted pretrial release pending trial. The magistrate court in the Central District of California that granted the Government's Motion to Detain did not have the benefit of a pretrial services report that provided Mr. Solis's address or information from family members. Accordingly, Mr. Solis also requests that the Court order the Pretrial Services Office to review and modify the existing pretrial services report. Mr. Solis respectfully shows the following:

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Mr. Solis is a Lawful Permanent Resident with extensive family and financial ties in the United States and zero criminal history. He is charged with making a false statement to Federal Bureau of Investigation special agents on March 16, 2015, regarding his travel to Mexico. (ECF No. 1.) The Criminal Complaint describes the offense as Mr. Solis stating that he traveled alone to Mexico when he actually traveled with his son. (*Id.* at 1.) The Complaint alleges that Mr. Solis's statement "was an attempt to conceal his son's whereabouts from law enforcement." (*Id.*)

Law enforcement suspects Mr. Solis's son Henry Solis of shooting and killing Salome Rodriguez in Pomona, California following an argument at a bar. (*Id.* at 2.) There is no indication or evidence that Mr. Solis is in any way suspected or implicated in any way in that offense.

Mr. Solis was arrested in Los Angeles, California, on or about March 26, 2015, based on the Complaint filed in El Paso, Texas. (*See* ECF Nos. 1, 3, 6.) The Government moved to detain Mr. Solis pretrial both in El Paso (ECF No. 2) and in Los Angeles. *United States v. Solis*, No. 15-MJ-542 (C.D. Cal. Mar. 26, 2015) (Gov't Notice, ECF No. 6). The magistrate court in the arresting district, the Central District of California found that no conditions could reasonably assure Mr. Solis's appearance and/or the safety of any person or the community based on the information contained in the "PSA," which is presumably a reference to a preliminary Pretrial Services report. *Id.* (Order of Detention, ECF No. 8).

At the preliminary and detention hearing on April 15, 2015, at 11:00 a.m. before the magistrate court in the charging district, the Western District of Texas, the Government argued that Mr. Solis was not entitled to a detention hearing based on the March 27th Order of Detention from California. Mr. Solis objected and argued he had a right to a detention hearing in the charging district in addition to his preliminary hearing. The Court continued the preliminary hearing and ordered the parties to brief by 3:00 p.m. Mr. Solis's right to a detention hearing. At the afternoon hearing, Mr. Solis hand-filed a Motion to Reopen Detention Hearing based on new information. The magistrate court denied the Motion to Reopen, claiming it could not reopen a matter heard by a different magistrate court and that the district court would be the proper forum. The magistrate court did not hold the preliminary hearing because the Grand Jury had indicted Mr. Solis in the intervening hours.

**REQUEST FOR *DE NOVO* HEARING AND MODIFIED PRETRIAL SERVICES REPORT**

A district court has jurisdiction to review the order of a person ordered detained by a magistrate judge. 18 U.S.C. § 3145(b). Such a review is *de novo*, with the court making "an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). A district court may further consider "what the magistrate has actually ordered with additional findings based on its independent consideration of the record before the magistrate and the additional evidence adduced before it 'as unfettered as it would be if the district court were considering whether to amend its own action.'" *Id.* (quoting *United States v. Thibodeaux*, 663 F.2d 520, 522 (5th Cir. 1981)).

Pretrial services collects, verifies, and reports to the court information pertaining to the pretrial release of a defendant prior to the detention hearing. 18 U.S.C. § 3154(1). Pretrial services can also subsequently "[r]eview and modify the reports and recommendations" made in prior pretrial services report for defendants seeking release under § 3145. § 3154(2).

Mr. Solis requests a *de novo* hearing and modified pretrial services report taking into account the new information provided herein and otherwise provided to Pretrial services..

**I.      STANDARD FOR DETENTION**

"Pretrial detention is to be the exception rather than the rule."[1] *United States v. Holloway*, 781 F.2d 124, 125 (8th Cir. 1986); *see* 18 U.S.C. § 3142(b) ("The judicial officer *shall* order the pretrial release of the person . . . *unless* the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other

---

[1] The offense charged here does not trigger the rebuttable presumption of detention. *See* 18 U.S.C. § 3142(e)(2).

person or the community." (emphasis added)).  To justify an order of detention, the Government must establish that "no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."  18 U.S.C. § 3142(f); *see also Fortna*, 769 F.2d at 250 (requiring clear and convincing evidence of dangerousness).  In the alternative, to justify detention based on a defendant's risk of flight the Government must establish by a preponderance of the evidence that no conditions or combination of conditions will reasonably assure appearance.  *Fortna*, 769 F.2d at 250 (noting that the standard is "not 'guarantee appearance'").

II. **CONSIDERATION OF FACTS IN THIS CASE**

Mr. Solis is a longtime California resident and has been a Lawful Permanent Resident of the United States since 1988.  He is a 52 year old disabled grandfather who lives with his wife, a naturalized citizen since 2008, and his children in the Los Angeles area.  Mr. Solis was employed as a bus driver for the City of Los Angeles until he was badly injured in an accident several years ago.  The bus he was driving was struck by another car, and he sustained severe injuries, including but not limited to fractures of his cervical spine.  Since then, he has been disabled as a result of the accident and has been receiving disability benefits.  He thus not only has physical injuries which would make it difficult for him to flee, but also has an additional incentive not to flee, in that this would jeopardize his primary source of support for himself and his wife.  At the time of the detention hearing in California, Mr. Solis was apparently unable to provide a known address for himself or contact information for his friends or family.  (*See* Pretrial Services Report at 2.)[1]  He has since gathered that address and contact information and provided it to counsel who can in turn

---

[1] The Pretrial Services Report will also be filed under seal as a separate attachment.

provide it to Pretrial Services. He and his wife reside with their daughter Gisle Rodriguez, at 43339 30th Street West, Lancaster, California.

This new contact information is material to the bail determination. Family can corroborate the information provided in the Pretrial Services Report and also explain Mr. Solis's support system for bail and compliance with any conditions. Indeed, the Pretrial Services Report lists as factors indicating risk of nonappearance that Mr. Solis's background information is unverified and that he has no economic assets or available bail resources. (*Id.* at 4.) This additional information will assist the Court in appropriately weighing the risk of flight given Mr. Solis's significant familial and financial ties in the United States, his bail support, and his Lawful Permanent Resident status.

The possible impact on his immigration status of a conviction herein provides Mr. Solis a huge incentive to comply with conditions of release and resolve his case in a manner that increases his chances of remaining in the United States.[2] Mr. Solis has been advised by counsel that if he were to leave the United States for any reason, he would be legally treated as an arriving alien rather than an LPR, and would quite likely be held inadmissible under 8 U.S.C. §1182 and never be able to enter the U.S. again. Any flight or obstruction would further jeopardize his legal status in the United States, and Mr. Solis's strong desire is to be able to remain in the United States with his family. While Mr. Solis's siblings reside in Mexico, he had not visited Mexico since 1985 until the crossing last month. His limited ties to Mexico are far outweighed by his ties to the Los Angeles area. He also is in poor health due to various joint and muscle injuries and the aftereffects of the accident, and he depends on the care and benefits he receives in the United States.

---

[2] Even if Mr. Solis was subjected to removal proceedings, he would likely be eligible for cancellation of removal. 8 U.S.C. § 1229b(a). This form of relief is discretionary, providing a further incentive to comply with all conditions of pretrial release. *See id.*

Additionally, the investigation of the instant matter and the fact that Mr. Solis did not flee indicate that he is not a flight risk. According to the Complaint Affidavit, Mr. Solis's son allegedly killed Rodriguez on March 13, 2015.[3] (ECF No. 1 at 2.) On March 16, 2015, FBI Special Agent Armando L. Soto interviewed Mr. Solis in San Elizario, Texas. (*Id.* at 3.) Before the interrogation, Agent Soto informed Mr. Solis of the felony consequences of lying to a federal agent. (*Id.*) Mr. Solis allegedly stated that he traveled to El Paso with his son on March 13 and 14, 2015; he dropped his son off at a bus station; his son did not tell him where he was going; and Mr. Solis went to Ciudad Juarez, Mexico, alone. (*Id.*) Six days later, Agent Soto reviewed footage that allegedly contradicts Mr. Solis's statements. (*Id.*) Mr. Solis did not flee during the ten days that lapsed between the interrogation (during which he was informed that lying to a federal officer is a criminal offense) and his arrest. Instead, he returned to his residence in California and was arrested on the same day the warrant was issued. In fact, his son Roy received a telephone call that day advising him that agents were seeking his father; he advised Mr. Solis of this and the latter's response was to wait for the agents outside the residence. Mr. Solis and his wife had some modest savings hidden at their home, because they are traditional members of an older generation which does not trust banks. The agents who arrested Mr. Solis seized roughly $5000 in cash from his home, which is available as security for any bond the Court might impose. Mr. Solis had ample opportunity to abscond, but he did not do so. Under these circumstances, the Government cannot show by a preponderance of the evidence that no conditions or combination of conditions will reasonably assure appearance. *See Fortna*, 769 F.2d at 250.

---

[3] A warrant was not issued for Henry Solis until March 17, 2015, after Mr. Solis allegedly made a false statement to a federal officer. (*Id.* at 3.)

Nor is Mr. Solis a danger to any person or the community. The only factor the Pretrial Services Report listed as indicating Mr. Solis was a danger to the community was his alleged role assisting a fugitive, his son[4]. (Pretrial Services Report at 4.) Mr. Solis has no prior criminal history, and the alleged instant offense did not involve any violence, weapons or drugs, or threat of violence on the part of Mr. Solis. The availability of other family members to assume responsibility for Mr. Solis during his pretrial release, and also their accounts of him as a non-dangerous person, weigh against him being a danger. In light of his familial support and lack of criminal history, the nature of the instant charges do not rise to clear and convincing evidence that no conditions could reasonably assure the safety of another person or the community. *See Fortna*, 769 F.2d at 250.

### III. CONCLUSION

WHEREFORE, Mr. Solis respectfully requests that this Court order Pretrial Services to prepare a modified report, set the instant case for a *de novo* detention hearing, and revoke the detention the California court's Order for pre-trial detention.

                                                                             Respectfully Submitted,

                                                                             MAUREEN SCOTT FRANCO
Federal Public Defender

                                                                       /S/
SHANE MCMAHON
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas 79901
(915) 534-6525
*Attorney for Defendant*

---

[4] Even the Government's version of the son's offense makes clear that it arose from an argument at a bar and did not involve anyone else and appears to have been the result of a momentary (albeit fatal) impulse on the part of the son.

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 17th day of April, 2015, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following: AUSA Kyle Myers, Office of the U.S. Attorney, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.

                                                  /S/
                                      SHANE MCMAHON
                                      *Attorney for Defendant*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § | NO. EP-15-CR-0516-PRM |
| VICTOR MANUEL SOLIS | § § § § | |

**ORDER**

On this date came on to be considered the Defendant's Motion to Revoke Detention Order (ECF No. \_\_\_), and the Court having considered the premises, is of the opinion that the same should be and is hereby **GRANTED**.

It is therefore ORDERED that as follows:

(1) that the above-captioned case be **SET** for a detention hearing on _____, 2015, at _____ a.m./p.m.;

(2) that Pretrial Services **PREPARE** a modified Pretrial Services Report;

(3) that the Order Granting Motion to Detain be **REVOKED**;

(3) and that Defendant be **RELEASED** from pretrial detention subject to conditions to be established by separate order of this Court.

SIGNED AND ENTERED this _____ day of _____ , 2015.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE